EGBERT FOSTER AND ELIZABETH FOSTER, HIS WIFE, RESPONDENTS, *v.* SARAH E. FOSTER AND ANOTHER, APPELLANTS.

*Practice — a tenant in common may join his wife as a co-plaintiff in an action for partition — Code of Civil Procedure, sec. 1538.*

In this action, brought to procure a partition of real estate among the owners thereof, the plaintiff, a tenant in common, joined with himself as a co-plaintiff his wife, who had an inchoate right of dower in his share.

*Held*, that in so doing he did not violate the provisions of section 1538 of the Code of Civil Procedure, providing that in actions for partition " no person other than a joint tenant or a tenant in common of the property, shall be a plaintiff," and that a demurrer interposed upon the ground of a misjoinder of parties plaintiff should be overruled.

APPEAL from an order adjudging the demurrer of Antoinette Booth and Harriet J. Burns, two of the defendants herein, to be frivolous.

The action was for partition, and it appears upon the face of the complaint that the plaintiff Elizabeth Foster, who is the wife of the plaintiff Egbert Foster, has an inchoate right of dower in that portion of the premises whereof her husband is seized in fee; it also appears that the said plaintiff Elizabeth Foster is neither a joint tenant nor a tenant in common of the premises in question.

The defendants Antoinette Booth and Harriet J. Burns demurred to the complaint, setting up a misjoinder of parties plaintiff, and a defect of parties defendant; and the demurrer points out specifically the particular misjoinder and defect relied upon.

*Close & Robertson*, for Antoinette Booth and Harriet J. Burns, appellants.

*Wadsworth & Gott*, for the respondents.

BARNARD, P. J.:

The point taken by this demurrer has been the subject of much discussion since section 1538 of the Code was passed. The words of that section so far as material to the question are as follows: " But no person other than a joint tenant or a tenant in common of the property shall be a plaintiff in the action."

The plaintiff Egbert Foster is the owner of the fee, and his wife has an inchoate right of dower therein.

The husband and wife together make only one interest in the share. The words of apparent exclusion have no reference to her. There are classes named in this section who cannot be plaintiffs in partition. The wife in this case could not be, but when her husband is within the class who can maintain the action, his wife, who has a contingent interest in his share, may be joined with him. She is a necessary party, and it was not intended by this section to compel a husband to put his wife in a hostile position to himself, unless she refused to join with him and thus cut off her possible estate.

The order should be affirmed, with costs and disbursements.

DYKMAN, J., concurred.

Order striking out demurrer affirmed, with costs and disbursements.